FOLKERT H. UKEN, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, DEFENDANT.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *Henry H. Fryling* (*Henry J. Sorenson,* on the brief).

*Contra, Francis A. Gordon* (*William E. Holmwood,* on the brief).

PER CURIAM.

Plaintiff is and was employed as a driver on a milk route for Borden's Milk Company. He was injured on August 31st, 1927, by a collision between the horse and wagon driven by him (in his employment) and a trolley car. He was awarded a jury verdict of $10,000, and defendant's rule to show cause why a new trial should not be granted runs only to the question of excessive damages.

Plaintiff was given emergency treatment on the day of the accident by a physician whose office was in the vicinity. Plaintiff was then taken to Muhlenberg Hospital where he remained for two days. From there he was removed to his home where he remained for nearly four weeks, a portion of which time he was in bed. On September 27th, 1927, he returned to his employment and has remained there ever since, doing the same work and at the same wage as before the accident. In addition to his wages he receives a com-

mission on his deliveries and this, he testifies, is one, two or three dollars less per week than before his injuries; a development which may be due, as he claims, to inability to do quite as much work, or to the falling away of customers, which he says has transpired, in the course of trade.

Except for the first-aid treatment given on the day of the accident, and for a single other occasion when medicine was procured from another doctor for a headache, plaintiff's sole medical attention has been by Dr. Steffens, who discharged the patient October 1st, 1927, and then gave his opinion that there would be no permanent disability. Dr. Steffens testifies that during that period of a little less than one month he visited plaintiff about three times and that he has "seen him once in a while for the last three years" at the doctor's office—about five or six times; and that his bill for services was about $25. We find no proof of other disbursement or financial loss. The hospital bill and the wages during the period of incapacity were paid by the employer. Dr. Steffens also testifies that at an examination made shortly before the trial he found that the plaintiff still had some pain in the trapezius muscle on the left side and that while that had practically no effect upon the functioning of the shoulder it would have some effect on the backward motion of the arm and on moving the head from side to side. Without going at all into the minor lacerations, bruises, abrasions or strains existing at the beginning or more fully into the proof of present conditions, we express our belief that the evidence is not persuasive of any serious, permanent functional disability.

Viewing the case as a whole we consider that the verdict was excessive. If plaintiff within thirty days from an order entered in accordance herewith shall accept a reduction of the verdict to the sum of $5,000, then the rule shall be discharged; otherwise it will be made absolute and a *venire de novo* awarded.